UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Brendan Tankersley,<br><br>  Plaintiff,<br><br>  v.<br><br>MGM Resorts International, a foreign corporation; and Bellagio, LLC, a domestic corporation,<br><br>  Defendants. | Case No. 2:20-cv-00995-RFB-DJA<br><br>**Order** |

    This is a discrimination action arising out of alleged violations of the Americans with Disabilities Act and the Nevada state law equivalent.  Plaintiff Brendan Tankersley sues his employers, Defendants MGM Resorts International and Bellagio, LLC for damages and injunctive relief, asserting interference in violation of the ADA and Nevada law; discrimination in violation of the ADA and Nevada law; and negligent hiring, training, and supervision.  Plaintiff moves to extend the discovery deadlines for a fifth time, arguing that outstanding discovery, including reopening or extending his deposition, necessitates the extension.  (ECF 57).  Plaintiff also moves to notice a second deposition or reopen the first one, arguing that his counsel was unable to properly cross-examine him in the time left after Defendants' counsel's direct examination.  (ECF Nos. 59 and 60).

    Because the Court finds that Plaintiff has demonstrated good cause, it grants the motion to reopen Plaintiff's deposition.  (ECF No. 60).  Because the Court finds that noticing a second deposition is unnecessary, it denies the motion in the alternative to notice a second deposition. (ECF No. 59).  Because the Court finds that an extension is necessary to complete Plaintiff's deposition and because Plaintiff has demonstrated sufficient diligence, the Court grants Plaintiff's motion to extend discovery.  (ECF No. 57).  The Court *sua sponte* extends Plaintiff's requested

extension by thirty days because one of Plaintiff's proposed deadlines has passed. The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.    Background.**

   **A.   *Plaintiff's motions to reopen his deposition and, in the alternative, notice a second deposition.***

Plaintiff moves on an emergency basis to either reopen his deposition or notice a second deposition, arguing that his counsel only had thirty-five minutes at the end of his initial deposition to cross-examine him. (ECF Nos. 59, 60). Plaintiff argues that this time was insufficient because Defendants' counsel's direct examination involved forty-one exhibits totaling 368 pages about which Plaintiff's counsel was prepared to address on cross-examination. (ECF No. 60 at 3-4). Plaintiff argues that he demonstrated good cause to extend the deposition under Federal Rule of Civil Procedure 30(d)(1) because Plaintiff is a key witness, there were numerous documents in the deposition, and Plaintiff has alleged multiple claims spanning many years. (*Id.* at 12-13). Plaintiff adds that the burden will not outweigh the benefit under Federal Rule of Civil Procedure 26(b) because there is no other source than Plaintiff for the testimony, that Defendants' counsel appeared to agree with Plaintiff noticing a deposition, and because a deposition is "just another cost of litigation." (*Id.* at 14).

Defendants respond to both motions that extending Plaintiff's deposition is not warranted because extensions are the exception and Plaintiff has not demonstrated good cause through on-point case law.[1] (ECF Nos. 63). Defendants distinguish the facts in the cases on which Plaintiff relies. (ECF No. 63 at 4-5). Defendants conclude that "Plaintiff's counsel can obtain the testimony she seeks at any time, at no additional cost and without burden to this Court or Defendants," through a declaration. (*Id.* at 4-5). Plaintiff replies that Defendant's argument about case law is unfounded because Plaintiff was candid in explaining that he found no case law

---

[1] Defendants also discuss the timing of Plaintiff's motion, a point which Plaintiff addresses in reply. However, because these arguments are more relevant to the Court's diligence analysis in determining whether Plaintiff has shown good cause for an extension of discovery deadlines, the Court addresses those arguments while addressing Plaintiff's motion for an extension of discovery deadlines.

directly on point and properly used persuasive authority to support his arguments. (ECF Nos. 64, 65). Plaintiff reiterates that he has demonstrated good cause under the Federal Rules and the Advisory Committee notes to those rules. (ECF No. 65 at 4-5).

### B.  *Plaintiff's motion to extend discovery deadlines.*

After Plaintiff's deposition ended—the ending of which the parties dispute—Plaintiff's counsel emailed Defendants' counsel on September 29, 2021, stating that she anticipated continuing Plaintiff's deposition. (ECF No. 60 at 5-6). Defendants' counsel responded and did not object but stated, "I trust that if you decide to depose your own client, you will do so by otherwise managing the depositions you've indicated you are inclined to take." (*Id.*). Plaintiff's counsel reached out a few months later, on December 20, 2021, to set up Plaintiff's deposition, after which Defendant's counsel objected. (*Id.*).

In his motion to extend the discovery deadlines, Plaintiff asserts that an extension is necessary for the Court to resolve the dispute over re-noticing or extending his deposition. (ECF No. 57 at 5).[2] He explains that the process of resolving these disputes means that the parties cannot meet the existing discovery deadlines despite their best efforts. (*Id.*). Defendants respond that an extension is improper because "Plaintiff has filed his motion to extend discovery primarily so that he can be deposed. By his own lawyer. For a second time. Four months after he was deposed the first time." (ECF No. 58 at 2). Defendant argues that the four-month gap between Plaintiff's initial deposition and Plaintiff's motion is unexplained and thus, cannot support a

---

[2] Plaintiff adds that an extension is necessary for the parties to resolve a dispute over whether Defendants' redactions in their January 6, 2022 document production were appropriate. (ECF No. 60 at 5-6). Defendants respond that Plaintiff failed to meet and confer on this issue on January 12, 2022 before bringing the motion to extend on January 17, 2022. (ECF No. 58 at 9). Plaintiff explains in reply that his counsel did not have time between the January 6, 2022 production and the January 12, 2022 meet and confer to review the documents and find the redaction issue. (ECF No. 62 at 3). Because the Court finds that an extension of the discovery deadlines is warranted on other grounds, it does not address this issue. The Court reminds the parties that, should they be unable to resolve this issue on their own, a meet and confer compliant with Local Rule IA 1-3 and Local Rule 26-6(c) is necessary before bringing a discovery motion. The Court highly recommends the parties resolve their discovery disputes on their own without Court intervention in a professional and collegial manner.

finding of diligence.  (*Id.* at 2, 8).  Plaintiff replies that his motion for an extension of the discovery deadlines is intended to provide the parties more time to conduct motion practice about his deposition, not necessarily to conduct the deposition.  (ECF No. 62 at 4).  He adds that, after the email exchange immediately after his deposition on September 29, 2021, he had no reason to believe that Defendant would not agree to a second deposition until January 6, 2022[3]—when Defendants counsel stated that Plaintiff would need to seek leave of court to extend or re-notice the deposition—and thus, did not delay in filing his motion.  (*Id.* at 4 (citing to ECF Nos. 59 and 60)).

**II.     Discussion.**

        *A.     The Court grants Plaintiff's motion to reopen Plaintiff's deposition.[4]*

Examination and cross-examination of a deponent should proceed as if at trial.  Fed. R. Civ. P. 30(c)(1).  The time is typically limited to one day of seven hours.  Fed. R. Civ. P. 30(d)(1).  Extensions are the exception, not the rule.  *See Cohan v. Provident Life & Accident Ins.*, 2:13-cv-00975, 2014 WL 4231238, at *4-5 (D. Nev. Aug. 26, 2014).  "The party seeking a court order to extend the examination, or to otherwise alter the limitations, is expected to show good cause to justify such an order."  Fed. R. Civ. P. 30(d)(1) advisory committee's note to 2000 amendment.  The Advisory Committee Notes to the 2000 amendment of Rule 30 provides a variety of factors a court may consider if a party asks for an extension.  Fed. R. Civ. P. 30(d)(1) advisory committee's note to 2000 amendment.  These include, in relevant part: (1) whether the examination will cover events occurring over a long period of time; (2) if the witness will be questioned about numerous or lengthy documents; (3) if the examination reveals documents that have been requested but not produced; and (4) whether the case involves multiple parties.  *See id.*

---

[3] (ECF No. 60 at 6).

[4] Plaintiff has moved in the alternative to notice a second deposition.  (ECF No. 59).  However, because Plaintiff has expressed that the sole purpose of the remaining deposition is to complete the cross-examination which his counsel was unable to finish at the initial deposition, the Court does not consider the requested relief to involve a second deposition.  Instead, the Court considers the requested deposition to be an extension of the first deposition.  The Court will thus deny the request to notice a second deposition and grant the request to reopen Plaintiff's deposition.

     Upon a showing of good cause, the court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent. Fed. R. Civ. P. 30(d)(1); Fed. R. Civ. P. 26(b)(1). The court must guard against redundant or disproportionate discovery. *Cohan*, 2014 WL 4231238, at *5 (quoting *U-Haul Co. of Nevada, Inc. v. Gregory J. Kamer, Ltd.*, No. 2:12-cv-00231-KJD-CWH, 2013 WL 5278523 (D. Nev. Sept. 17, 2013)). Rule 26(b)(2) allows the court to limit discovery if it is: (1) unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the person seeking the discovery has had ample opportunity already to obtain the same information; or (3) the burden or expense of taking the discovery outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii); *see U-Haul*, 2013 WL 5278523, at *3. Under Federal Rule of Civil Procedure 1, courts must construe, administer, and employ the Federal Rules to secure the just, speedy, and inexpensive determination of every action. Fed. R. Civ. P. 1.

     Although it is a closer call, the Court grants Plaintiff's request to reopen the deposition and extend it by four hours. As a preliminary matter, the Court does not find Plaintiff's use of persuasive case law to be improper or the lack of case law on point to be dispositive. Instead, because examination and cross-examination during a deposition should proceed as if at trial under the Federal Rules, the Court finds that Plaintiff's counsel is entitled to cross-examine Plaintiff on the issues Defendants' counsel raised during the deposition. While depositions are typically limited to seven hours, Plaintiff's counsel asserts that she only had thirty-five minutes remaining after Defendants' counsel's direct examination to cross-examine Plaintiff. Plaintiff has demonstrated that this time was insufficient and has shown good cause to justify an order extending the deposition. Plaintiff's claims span years, from 2017 through August 2019. (ECF No. 59 at 13). At the deposition, Defendants questioned Plaintiff about forty-one exhibits, each with numerous pages, which Plaintiff did not review in advance. (*Id.*). Plaintiff is also the key witness to his case and has asserted multiple claims. (*Id.*); (ECF No. 18).

     Having found that the Plaintiff has demonstrated good cause, the Court also finds that allowing for additional time is consistent with Rule 26(b)(1) and (2). Because Plaintiff is completing a cross-examination which his counsel was unable to finish, the deposition will not be

redundant. Plaintiff has also suggested to limit the deposition to four hours, which extension, while longer than the typical deposition, is not disproportionate given the amount of documents Plaintiff reviewed on direct and the centrality of Plaintiff's testimony to the case.

The Court is less convinced by Plaintiff's argument that the testimony cannot be obtained from a more convenient source because Plaintiff does not explain why a declaration is not a workable alternative.[5] But the Court is also not convinced by Defendants' concern that the deposition in lieu of a declaration is intended to "illicit testimony that contradicts the testimony given during [Plaintiff's] direct examination, in an effort to defeat summary judgment, which would be the equivalent of a sham declaration." (ECF No. 58 at 5-6).[6] Defendants have provided no evidence that Plaintiff's counsel has demonstrated gamesmanship or employed ethically questionable tactics that would lead the Court to believe that Plaintiff is seeking the extended deposition for an improper purpose. Furthermore, Plaintiff's argument that his counsel will be more capable of achieving the goals of a cross-examination in a deposition setting—as opposed to a declaration—is reasonable. While this factor weighs less heavily in favor of the extended deposition, it does not tip the scales against it.

Additionally, Plaintiff has demonstrated that his counsel did not have ample time to conduct a complete cross-examination of Plaintiff at his deposition. While Defendants' argument that seven hours was ample time is supported by the Rules—especially because extensions are the exception—Plaintiff argues that only thirty-five minutes out of that seven-hour time frame was devoted to cross-examination. Given the number of documents Defendants' counsel presented to Plaintiff and the short amount of time left after direct examination, is reasonable to believe that Plaintiff's counsel did not have an ample opportunity to complete the cross-examination of her client. This factor tips in favor of allowing the extended deposition.

---

[5] Plaintiff argues that there are no more convenient, less expensive, or less burdensome alternatives to a deposition because Plaintiff is the key witness. (ECF No. 60 at 14). This argument is unpersuasive because it misses the availability of declarations as methods to obtain client testimony. (*Id.*).

[6] Defendants raised this concern in their objection to Plaintiff's motion to extend discovery deadlines.

On the facts before it, the Court finds that the burden of the deposition does not outweigh its likely benefit. On one hand, Plaintiff has argued that the cross-examination is vital because Plaintiff is the central witness.[7] This means that the deposition has a significant likely benefit. On the other hand, Defendants have argued that an extended deposition would be costly. The deposition would certainly be more burdensome on Defendants than a declaration. This factor tips least heavily in favor of extending the deposition, but nonetheless tips more in favor than against.

Finally, considering the objectives of Federal Rule of Civil Procedure 1—to secure the just, speedy, and inexpensive determination of every action—the Court finds that extending the deposition for four hours is appropriate here. The deposition will be limited to four hours and the Court trusts that the parties will not prolong the deposition any longer than necessary. And while a deposition involves more cost for both parties, it would ensure that Plaintiff completes the cross-examination to which he is entitled under Federal Rule of Procedure 30(c)(1).

### B.     *The Court grants Plaintiff's motion to extend the discovery deadlines.*

Under Local Rule 26-3, a motion to extend a date set by an order must, in addition to satisfying the requirements of Local Rule IA 6-1, be supported by a showing of good cause for the extension. LR 26-3. The good cause standard primarily considers the diligence of the party seeking the extension. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 699 (9th Cir. 1992). The Court also has broad authority to manage its docket. *See Little v. City of Seattle*, 863 F.3d 681, 685 (9th Cir. 1988).

The Court grants Plaintiff's motion to extend discovery deadlines. One of the primary reasons the parties disagree over whether to extend discovery is because they disagree over whether Plaintiff should be entitled to reopen his deposition. Because the Court has granted

---

[7] Plaintiff's arguments that a deposition is not burdensome because Defendants appeared to agree to a deposition and because depositions are just another cost of litigation are unpersuasive and minimize Defendants' legitimate cost concerns. (ECF No. 60 at 14). The Court will not address these arguments.

Plaintiff's motion to reopen his deposition, it also grants Plaintiff's motion to extend the discovery deadlines.

Plaintiff has also demonstrated sufficient diligence. While Defendants' argument that Plaintiff was not diligent because he waited four months to seek an extension of the deposition is compelling, Plaintiff has provided sufficient reasons to overcome it. Immediately after Plaintiff's deposition, on September 29, 2021, Plaintiff's counsel emailed Defendants' counsel to discuss deposing Plaintiff. (ECF No. 59-5 at 3-4).[8] Defendant's counsel did not object to the deposition but stated "I trust that if you decide to depose your own client, you will do so by otherwise managing the depositions you've indicated you are inclined to take." (*Id.*). Plaintiff did not raise the issue again until December 20, 2021, a delay which Plaintiff's counsel does not fully explain other than stating that she believed there were no objections to the extended deposition[9] However, given the intervening holidays, the emails to which Plaintiff cites which outline his counsel's scheduling concerns,[10] and Plaintiff's belief that Defendants had no objection until Defendants asked Plaintiff to seek leave on January 6, 2022,[11] the Court does not find that the delay demonstrates a lack of diligence.

While a closer decision than most, because the Court has already found that reopening the deposition is appropriate and because Plaintiff has demonstrated sufficient diligence, the Court thus grants Plaintiff's motion for an extension. Additionally, because one of Plaintiff's proposed

---

[8] Plaintiff attached this email chain to his motions requesting to reopen his deposition or notice a second deposition. (ECF Nos. 59, 60).

[9] (ECF No. 59-4 at 12-13); (ECF No. 59-2 at 9).

[10] It appears from Plaintiff's counsel's emails that her "calendar in November [was] extremely limited." (ECF No. 59-5 at 2). The Court notes that this email does not fully explain the delay between Plaintiff's deposition and the time when Plaintiff's counsel sought to conclude the cross-examination. The Court understands the time constraints associated with litigation, and ultimately finds the explanation sufficient to support its conclusion that the delay does not demonstrate a lack of diligence. However, the parties should take care to fully develop their arguments and avoid relying too heavily on exhibits in future filings.

[11] (ECF No. 60 at 6).

deadlines has passed and the others are fast approaching, the Court *sua sponte* extends the deadlines for another forty-five days beyond what Plaintiff requested.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to reopen his deposition (ECF No. 60) is **granted.** Plaintiff's reopened deposition is limited to four hours and is reopened for the sole purpose of concluding cross-examination.

**IT IS FURTHER ORDERED** that Plaintiff's motion to notice a second deposition (ECF No. 59) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to extend discovery deadlines (ECF No. 57) is **granted.** The following deadlines shall govern discovery:

| | |
|---|---|
| Close of discovery: | Monday, May 23, 2022 |
| Dispositive motions: | Thursday, June 23, 2022 |
| Joint pretrial order:[12] | Monday, July 25, 2022 |

DATED: April 18, 2022

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[12] If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order. LR 26-1(b)(5).