# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Brendan Tankersley,<br><br>Plaintiff,<br><br>v.<br><br>MGM Resorts, International, a foreign corporation; and Bellagio, LLC, a domestic corporation,<br><br>Defendants. | Case No. 2:20-cv-00995-RFB-DJA<br><br>**Order** |

This is an Americans with Disabilities Act discrimination action arising out of Plaintiff Brendan Tankersley's employment with Defendants MGM Resorts International and Bellagio, LLC. Plaintiff sues Defendants for damages and injunctive relief, alleging that Defendants violated the ADA; violated Nevada's statutory equivalent; and negligently hired, retained, and supervised their employees. Plaintiff moves to seal an exhibit to his motion for summary judgment. (ECF No. 88). Defendants filed non-opposition to that motion. (ECF No. 89). However, because neither party explains why sealing the document is warranted other than Defendants designating it confidential, the Court denies the motion without prejudice. The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.      Discussion.**

The Court denies Plaintiff's motion to seal without prejudice. A party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). A party seeking to seal judicial records attached to motions more than tangentially related to the merits of the case must meet the "compelling reasons" standard, as articulated in *Kamakana*. *See Kamakana*, 447 F.3d at 1183; *Ctr. for Auto Safety*, 809 F.3d at 1101. Under that standard, "a

court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Ctr. for Auto Safety*, 809 F.3d at 1097. (quoting *Kamakana*, 447 F.3d at 1179). That a party has designated a document as confidential under a protective order does not, standing alone, establish sufficient grounds to seal a filed document. (ECF No. 43 at 3); *see Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). "If the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as confidential, the designator shall file (within seven days of the filing of the motion to seal) either (1) a declaration establishing sufficient justification for sealing each document at issue or (2) a notice of withdrawal of the designation(s) and consent to unsealing." (ECF No. 43 at 3).

Here, the parties have not provided the Court with enough information for the Court to meet its requirements of "articulating the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. for Auto Safety*, 809 F.3d 1097. Plaintiff's motion states simply that he "seeks to have Exhibit 28 sealed in accordance with the parties' Stipulated Protective Order…" (ECF No. 88 at 3). Under that order, however, Plaintiff's reliance on the stipulated protective order alone triggers Defendants' obligation to establish justification for sealing the document. (ECF No. 43 at 3). But Defendants provide only that they do not oppose the motion. (ECF No. 89). While the Court appreciates the parties' collegiality in agreeing, without more, the Court has no way of articulating the reasons that the document at issue should remain sealed. To grant the motion would require the Court to do that which the Ninth Circuit has prohibited: rely on hypothesis and conjecture.

**IT IS THEREFORE ORDERED** that Plaintiffs' motion to seal (ECF No. 88) is **denied without prejudice**. If no party moves to seal the document at issue by **September 5, 2022**, the court will order the document unsealed.

DATED: August 4, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE